Richard D. McCune (SBN 132124)
*rdm@mccunelawgroup.com*
Valerie L. Savran (SBN 334190)
*vls@mccunelawgroup.com*
Andy Van Ligten (SBN 348696)
*avl@mccunelawgroup.com*
Brandon Keshish (SBN 351254)
*bk@mccunelawgroup.com*
**MCCUNE LAW GROUP, APC**
3281 E. Guasti Road, Suite 100
Ontario, CA 91761
Telephone: (909) 557-1250

Dana R. Vogel (*Pro Hac Vice*)
*drv@mccunelawgroup.com*
Connor P. Lemire (*Pro Hac Vice*)
*cpl@mccunelawgroup.com*
**MCCUNE LAW GROUP, APC**
2415 East Camelback Road, Suite 850
Phoenix, Arizona 85016
Telephone: (909) 557-1250

*Attorneys for Plaintiff ML Products, Inc.*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ML PRODUCTS INC.<br><br>Plaintiff,<br><br>  v.<br><br>BILLIONTREE TECHNOLOGY USA, INC., MOUNTAIN PEAK. INC., and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.: 2:23-cv-08626-MEMF-DTB<br><br>**UNOPPOSED MOTION TO EXTEND THE HEARING DATE ON JOINT STIPULATION FOR PLAINTIFF'S MOTION TO COMPEL**<br><br>Hearing Date: July 10, 2025<br>Time:   10:00 a.m. PT<br>Courtroom: 8B<br>Judge: Hon. Maame Ewusi-Mensah Frimpong, USDJ |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on July 10, 2025 at 10:00 a.m., or soon thereafter as the matter may be heard, in Courtroom 8B of the above-captioned Court, located at 350 West First Street, Los Angeles, CA 90012, Plaintiff, will and hereby does move this Court for an order extending the hearing date for the Joint Stipulation on Plaintiff's Motion to Compel.

This Motion is made pursuant to the Federal Rules of Civil Procedure, Rule 16(b)(4) on grounds that good cause exists to extend the hearing deadline due to unforeseen developments in discovery and Plaintiff's pending motion to compel.

This Motion is based on this Notice, Unopposed Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Dana R. Vogel, the pleadings and records on file in this action, and upon such other oral documentary evidence as may be presented at the hearing on this matter.

Pursuant to Local Rule 7-3, counsel for Plaintiff met and conferred with counsel for Defendant prior to filing this Motion.

Dated: May 28, 2025,    Respectfully Submitted,

**MCCUNE LAW GROUP, APC**

*/s/ Dana R. Vogel*
Dana R. Vogel (*Pro Hac Vice*)
drv@mccunelawgroup.com
2415 East Camelback Road, Suite 850
Phoenix, Arizona 85016
Telephone: 909-557-1250

*Attorneys for Plaintiff ML Products, Inc.*

# MEMORADUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

As a result of discovery impasses, and after numerous efforts to meet and confer, the parties conducted a discovery conference before the Honorable David T. Bristow on May 23, 2025. The purpose for the conference was to consider Defendants' request for additional time to prepare its portion of a draft joint stipulation for Plaintiff's Motion to Compel and Motion for Sanctions pursuant to L.R. 37-2.2. During that conference, Magistrate Judge Bristow encouraged counsel to further meet and confer.

The parties did so that same day. Plaintiff's counsel informed Defendants that in an abundance of caution, Plaintiff would send another meet-and-confer letter pursuant to Local Rule 37-1 to ensure that each contested discovery request was addressed in detail. The parties also discussed the current schedule and relevant deadlines. While the current discovery cutoff is July 30, 2025, the Court has blocked the last two weeks in July, making July 17 the latest available hearing date prior to the current cutoff. In order to notice a motion for July 17, the parties would have needed to complete any further meet and confer and confer by May 28 (the date this motion is being filed). Because Defendants were unavailable due to travel schedules and medical issues, they could not engage in further meet-and-confer until next week, which the parties recognized would require Plaintiff to notice a hearing date beyond July 17. To that end, Defendants stated they would not oppose a hearing date after the current discovery cutoff, out of professional courtesy.

In order to facilitate an orderly process for the parties to either resolve or litigate their disputes, Plaintiff now files this unopposed motion to hear Plaintiff's motion to compel after the July 30, 2025 discovery cutoff. Good cause can be shown for an extension, and no prejudice will be done to the parties or the Court's calendar from granting the motion. Plaintiff respectfully asks that the Court grant this unopposed motion.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 16(b)(4), a pretrial schedule may be modified "for good cause." Good cause exists when the party seeking modification demonstrates that the deadlines "cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment); 6A Wright, Miller & Kane, Federal Practice and Procedure

§1522.1 at 231 (2d ed. 1990). Diligence is demonstrated if the moving party shows: (1) its assistance to the Court in creating a workable Rule 16 order; (2) its noncompliance will occur, notwithstanding efforts to comply, as a result of developments "which could not have been reasonably foreseen . . . at the time of the Rule 16 scheduling conference;" and (3) it "was diligent in seeking amendment of the Rule 16 order" once it appeared that noncompliance might occur. *Pizana v. SanMedica Int'l LLC,* 345 F.R.D. 469, 478 (E.D. Cal. 2022). Even if the Court considers any prejudice to the party opposing the modification, the focus of the Court's inquiry should be on the moving party's reasons for seeking modification. *Chang v. Cashman*, 723 F. Supp. 3d 772, 779 (N.D. Cal. 2024).

### III.  ARGUMENT

#### 1.  Good Cause

Plaintiff has consistently operated in good faith to meet deadlines in the litigation, and has followed up diligently with Defendants in order to meet and confer prior to May 28 regarding the outstanding discovery issues pertaining to Defendants' production and discovery responses to date, as laid out fully herein.

#### 2.  Workable Rule 16 Order

Plaintiff cooperated in working with Defendants to create a workable Rule 16 Order. (Dkt.38). On April 16, 2025, the Court granted the motion to extend due to ongoing discovery issues, setting a new fact discovery cutoff date of July 30, 2025. (Dkt. 99).

Plaintiff worked in good faith with Defendants to resolve all ongoing discovery issues within the relevant time frame, as detailed more fully herein.

Accordingly, this factor weighs in favor of good cause.

#### 3.  Unforeseen Developments

A moving party "must also show that [its] noncompliance" will occur "because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference." *Pizana*, 345 F.R.D. at 478.

On April 16, 2025, the Court granted Plaintiff's Second Motion to Modify Uniform Pretrial Scheduling Order and Extend Deadlines, which extended the fact discovery cutoff to July 30, 2025. (Dkt. 99).

Shortly thereafter on April 21, 2025, the parties met and conferred regarding the outstanding discovery still at issue. During this meet and confer, Defendants agreed to produce employee lists, WeChat messages related to alleged alter ego entities, and a sampling of financial documents. (Declaration of Dana R. Vogel ("Vogel Decl."), ¶ 7). Plaintiff followed up via email regarding these documents on April 23, 25, and 29. *Id.,* ¶ 8.

On April 24, 2025, Plaintiff sent Defendants a letter regarding deficiencies in their responses to Plaintiff's Interrogatories and Requests for Admission. *Id.,* ¶ 9. On April 30, 2025, Plaintiff sent Defendants notice of its subpoena to a Mountain Peak former employee, with the deposition to take place on May 13, 2025. *Id.,* ¶ 10. On May 1, 2025, Defendants' counsel stated that one of their attorney's "caught a cold requiring treatment and thus has not been able to respond to the issues raised in your recent communications." Defendants further asked for a two-week extension to respond to Plaintiff's Amended Complaint. *Id.,* ¶ 11. On May 7 and 8, Plaintiff again followed up on outstanding discovery via email. *Id.,* ¶ 13.

On May 9, 2025, Mountain Peak produced 25 pages of documents, consisting mostly of invoices regarding irrelevant products, and did not produce any emails or WeChat messages as previously agreed. Defendant Billiontree produced no additional documents. *Id.,* ¶ 14. On that same day, May 9, 2025, Plaintiff asked for a call to meet and confer on the discovery which remained deficient. *Id.,* ¶ 15.

On May 12, 2025, the parties met and conferred on Defendants' Motion to Quash and Plaintiff's forthcoming Motion to Compel. *Id.,* ¶ 17. In light of Defendant's Motion to Quash, on May 13, 2025, Plaintiff took the deposition of the former Mountain Peak employee off calendar and told Defendants that it would be rescheduled. *Id.,* ¶ 18.

As a result of the ongoing discovery disputes that the parties had been meeting and conferring about since April, on May 15, 2025, Plaintiff sent Defendants a draft stipulation for Plaintiff's Motion to Compel and Motion for Sanctions pursuant to L.R. 37-2.2. *Id.,* ¶ 19. Although the local rules provide that the default is that an opposing party has seven days to provide their position, on May 22, 2025, Defendants filed a Motion for Extension of Time to file Defendants' portion of the Joint Stipulation. (Dkt.118).

As a result of Defendants' Motion for Extension of Time, the parties conducted another conference before the Honorable David T. Bristow on May 23. (Vogel Decl., ¶ 22). During that conference, the Court considered Defendants' Motion for Extension of Time (Dkt. 118) and the statement by Defendants that Plaintiff had not sent a letter outlining each and every discovery request in dispute. The Court encouraged counsel to compromise over reasonable extensions. *Id.*

That same day, after the discovery conference, the parties met and conferred regarding the discovery deadlines and remaining issues. *Id.,* ¶ 23. Plaintiff told Defendants that it would re-send a new meet-and-confer letter to ensure compliance with L.R. 37-1. *Id.* Plaintiff's counsel informed Defendants' counsel that the discovery cutoff is July 30, 2025, and that the Court had blocked the last two weeks in July, making July 17 the latest available hearing date. *Id.* Plaintiff explained the parties would need to meet and confer by May 28 (the date this motion is being filed) in order to file the Joint Stipulation by June 5 for a hearing date of July 17. *Id.* Defendants' counsel stated that because of travel and medical appointments, Defendants were likely unable to meet and confer the week of May 26, and that if Plaintiff decided to proceed with a motion to compel, a hearing date beyond July 17 would be necessary. *Id.* Defendants stated that they would not oppose a hearing date falling after the current discovery cutoff, out of professional courtesy. *Id.* Plaintiff made every effort to meet and confer with Defendants prior to May 28 in order to avoid the current Motion. *Id.,* ¶ 24, Ex. 1.

Accordingly, Defendants' inability to meet and confer prior to May 28 constitutes an unforeseeable development, weighing in favor of good cause.

**4.  Diligence in Seeking Amendment**

The moving party must demonstrate diligence "in seeking an amendment of the . . . scheduling order once it [becomes] apparent that" compliance "with the deadlines" is not feasible. *Pizana*, 345 F.R.D. at 480. Such diligence is sufficiently established where there is a "short time frame between" noncompliance becoming apparent "and filing [a] motion" to modify. *Ronan Tel. Co. v. Verizon Select Servs., Inc.*, 340 F.R.D. 167, 172 (D. Mont. 2021).

Plaintiff has satisfied the diligence requirement by filing this Motion today. Once it became apparent that Defendants would not be able to meet and confer so as to facilitate a July 17 hearing date, Plaintiff immediately filed the present Motion.

Accordingly, this factor weighs in favor of good cause.

### 5. Prejudice to the Opposing Party

Although prejudice is an ancillary consideration and not critical in considering good cause, Defendants would not be prejudiced in any event, as they agreed to not oppose this motion due to their conflicts preventing them from meeting and conferring so as to facilitate a hearing on July 17, the last available hearing date prior to the July 30 discovery cutoff. (Vogel Decl., ¶ 23).

Further, on April 21, 2025, Plaintiff filed its First Amended Complaint. (Dkt.101). Plaintiff has instituted service of the three new Defendants under the Hague Convention, but since those new Defendants have not yet been served, discovery for the three new Defendants has not yet commenced. (Vogel Decl., ¶ 6). That discovery has not commenced for several of the parties now involved in the lawsuit weighs against any finding of prejudice.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant this unopposed motion to extend the hearing date on the joint stipulation regarding Plaintiff's motion to compel.

**DATED**: May 28, 2025,                    Respectfully Submitted,

**MCCUNE LAW GROUP, APC**

*/s/ Dana R. Vogel*
Dana R. Vogel (*Pro Hac Vice*)
drv@mccunelawgroup.com
2415 East Camelback Road, Suite 850
Phoenix, Arizona 85016
Telephone: 909-557-1250

*Attorneys for Plaintiff ML Products, Inc.*

-6-
UNOPPOSED MOTION TO EXTEND THE HEARING DATE ON THE JOINT STIPULATION
Case No. 2:23-cv-08626-MEMF-DTB