Richard D. McCune (SBN 132124)
*rdm@mccunelawgroup.com*
Valerie L. Savran (SBN 334190)
*vls@mccunelawgroup.com*
Andy Van Ligten (SBN 348696)
*avl@mccunelawgroup.com*
Brandon Keshish (SBN 351254)
*bk@mccunelawgroup.com*
**MCCUNE LAW GROUP, APC**
3281 E. Guasti Road, Suite 100
Ontario, CA 91761
Telephone: (909) 557-1250

Dana R. Vogel (*Pro Hac Vice*)
*drv@mccunelawgroup.com*
Connor P. Lemire (*Pro Hac Vice*)
*cpl@mccunelawgroup.com*
**MCCUNE LAW GROUP, APC**
2415 East Camelback Road, Suite 850
Phoenix, Arizona 85016
Telephone: (909) 557-1250

*Attorneys for Plaintiff ML Products, Inc.*

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ML PRODUCTS INC. <br><br> Plaintiff, <br><br> v. <br><br> BILLIONTREE TECHNOLOGY USA, INC., MOUNTAIN PEAK. INC., and DOES 1 through 25, inclusive, <br><br> Defendants. | Case No.: 2:23-cv-08626-MEMF-DTB <br><br> **DECLARATION OF DANA R. VOGEL IN SUPPORT OF UNOPPOSED MOTION TO EXTEND THE HEARING DATE ON THE JOINT STIPULATION FOR PLAINTIFF'S MOTION TO COMPEL** <br><br> Hearing Date: July 10, 2025 <br> Time: 10:00 a.m. PT <br> Courtroom: 8B <br> Judge: Hon. Maame Ewusi-Mensah Frimpong, USDJ |

## DECLARATION OF DANA R. VOGEL

I, Dana R. Vogel, hereby declare as follows:

1. I am an attorney admitted to practice in the State of Arizona. I have been admitted pro hac vice in this case. I am an attorney with the McCune Law Group, counsel for Plaintiff ML Products Inc. I make this declaration in support of Plaintiff's Unopposed Motion to Extend Hearing Deadline on Discovery Matters.

2. On February 21, 2025, Plaintiff filed its Second Motion to Modify Uniform Pretrial Scheduling Order and Extend Deadlines. (Dkt. 83).

3. On April 7, 2025, the parties conducted a discovery conference before the Honorable David T. Bristow. During that conference, the magistrate judge encouraged counsel to meet and confer about the outstanding discovery documents. "With respect to the issue of defendants' failure to provide responsive documents, the Court reviewed with counsel the requirements of the Discovery Act, and particularly the continuing obligation of a party to provide responsive documents." (Dkt. 106).

4. On April 16, 2025, the Court granted Plaintiff's Second Motion to Modify Uniform Pretrial Scheduling Order and Extend Deadlines, which modified the Fact Discovery deadline to July 30, 2025. (Dkt. 99).

5. On April 17, 2025, Defendants filed a Motion for Summary Judgment. (Dkt. 97).

6. On April 21, 2025 Plaintiff filed its First Amended Complaint. (Dkt.101). Plaintiff has instituted service of the three new Defendants under the Hague Convention, but since those new Defendants have not yet been served, discovery for the three new Defendants has not yet commenced.

7. On April 21, 2025, the parties met and conferred regarding the outstanding discovery at issue. During this meet and confer, Defendants agreed to produce employee lists, WeChat messages related to alleged alter ego entities, and a sampling of financial documents.

8. Plaintiff followed up via email regarding these documents on April 23, 25, and 29.

9. On April 24, 2025, Plaintiff sent Defendants a letter regarding deficiencies in their responses to Plaintiff's Interrogatories and Requests for Admission.

10. On April 30, 2025, Plaintiff sent Defendants notice of its subpoena to a Mountain Peak former employee, with the deposition to take place on May 13, 2025.

      11.     On May 1, 2025, Defendants' counsel stated that one of their attorneys "caught a cold requiring treatment and thus has not been able to respond to the issues raised in your recent communications." Defendants asked for a two-week extension to respond to Plaintiff's Amended Complaint.

      12.     On May 5, Defendants stated they were assembling discovery responses and documents and would produce them shortly. Plaintiff responded to that email agreeing to a two-week extension for Defendants to respond to Plaintiff's Amended Complaint.

      13.     On May 7 and 8, Plaintiff again followed up on outstanding discovery via email.

      14.     On May 9, 2025, Mountain Peak produced 25 pages of documents, consisting mostly of invoices regarding irrelevant products, and did not produce any emails or WeChat messages as previously agreed. Defendant Billiontree produced no additional documents.

      15.     On that same day, May 9, 2025, Plaintiff asked for a call to meet and confer on the discovery which remained deficient.

      16.     On May 12, 2025, the parties met and conferred on Defendants' Motion to Quash and Plaintiff's forthcoming Motion to Compel.

      17.     On May 12, 2025, Defendants filed a Motion to Quash Plaintiff's subpoena of a former Mountain Peak employee. (Dkt. 110).

      18.     On May 13, 2025, Plaintiff took the deposition of the former Mountain Peak employee off calendar and told Defendants that it would be rescheduled.

      19.     On May 15, 2025, Plaintiff sent Defendants a draft stipulation for Plaintiff's Motion to Compel and Motion for Sanctions pursuant to L.R. 37-2.2.

      20.     On May 19, 2025, Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint. (Dkt. 114).

      21.     On May 22, 2025, Defendants filed a Motion for Extension of Time to file Defendants' portion of the Joint Stipulation. (Dkt.118).

      22.     On May 23, 2025, the parties conducted a discovery conference before the Honorable David T. Bristow. During that conference, the Court addressed Defendants' Motion for Extension of Time (Dkt. 118) and the statement by Defendants that Plaintiff had not sent a letter outlining each and

every discovery request in dispute. The Court also encouraged counsel to compromise over reasonable extensions.

23. On May 23, 2025, after the discovery conference, the parties met and conferred regarding the discovery deadlines and remaining issues. Plaintiff told Defendants that it would send a new meet-and-confer letter to ensure compliance with L.R. 37-1.  Plaintiff's counsel informed Defendants' counsel that the discovery cutoff was July 30, 2025, but because the Court has no available hearing dates for the last two weeks of July, July 17 was the latest available hearing date within the current schedule. Plaintiff explained the parties would need to meet and confer by today (Wednesday May 28), to file the Joint Stipulation by June 5 for a hearing date of July 17. Defendants' counsel stated that because of travel and medical appointments, Defendants would not be available to meet and confer the week of May 26. Defendants suggested that if Plaintiff intended to file a motion to compel, Plaintiff may need to notice a hearing date beyond July 17. Defendants stated they would not oppose a hearing date that falls after the current discovery cutoff, out of professional courtesy.

24. Attached hereto as **Exhibit 1** are a true and correct copies of Plaintiff's emails to Defendants counsel attempting to set up at meet and confer regarding discovery issues on or before May 28.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 28th Day of May 2025, in Phoenix, AZ.

/s/ Dana R. Vogel

Dana R. Vogel