O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ML PRODUCTS INC.,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>BILLIONTREE TECHNOLOGY USA, INC., MOUNTAIN PEAK. INC., and DOES 1 through 25, inclusive,<br><br>　　　　　　Defendants. | Case No.:  2:23-cv-08626-MEMF-DTB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO EXCLUDE EXPERT REPORTS AND TESTIMONY [ECF NO. 96]** |

　　　Before the Court is the Motion to Exclude Expert Reports and Testimony (ECF No. 96) filed by Defendants. For the reasons stated herein, the Court hereby GRANTS IN PART and DENIES IN PART the Motion to Exclude Expert Report and Testimony.

/ / /

/ / /

1

## I. Background

### 1. Factual Background

The present action stems from Plaintiff ML Products, Inc. ("ML Products") and Defendants BillionTree Technology USA, Inc. ("BillionTree") and Mountain Peak, Inc. ("Mountain Peak," collectively, "Defendants") competing for sales on Amazon.com where Defendants allegedly employed fraudulent tactics. Specifically, ML Products asserts claims of violations of the Lanham Act, false advertising, and unfair competition against Defendants. ECF No. 1.

On April 12, 2024, Professor Brett Hollenbeck ("Hollenbeck"), ML Products's affirmative technical expert, produced an expert report on his analysis of "the tactics related to online reviews used by certain competitors of ML Products, including BillionTree and its [alleged] affiliates. . . ." ECF No. 43-2 ("Hollenbeck Report" or "Hollenbeck Rep.") ¶ 7. Broadly, Hollenbeck opined that 22 of the 29 products sold by BillionTree and its alleged affiliates engaged in review hijacking— inappropriately linking a different product's reviews to the given product on Amazon and misrepresenting the product as having more positive reviews; reviewers of nine of the products complained that the seller sent them emails requesting them to change negative reviews into positive ones in exchange for payment; and by manipulating and falsifying product ratings, BillionTree increased its visibility and sales on Amazon, misled customers, and lowered the visibility of its competitors, thereby harming ML Products. *Id*. ¶¶ 9–11.

### 2. Procedural History

On April 17, 2025, Defendants filed the instant Motion to Exclude Expert Report and Testimony. ECF No. 96 ("Motion") Defendants also filed a Proposed Order on the Motion. ECF No. 96-1 ("PO").

On May 1, 2025, ML Products filed an Opposition to Defendants' Motion to Exclude Expert Report and Testimony. ECF No. 107 ("Opposition" or "Opp'n."). Also on May 1, ML Products filed a Declaration of Dana R. Vogel in support of the ML Products's Opposition. ECF No. 107-1 ("Vogel Declaration" or "Vogel Decl.").

On May 8, 2025, Defendants filed a Reply in Support of the Motion. ECF No. 109 ("Reply"). Also on May 8, Defendants filed a Declaration of Dandan Pan in support of the Reply. ECF No. 109-1 ("Pan Declaration" or "Pan Decl.").

## II. Legal Standard

### 1. Federal Rule of Evidence 702

Rule 702 "tasks a district judge with ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Hyer v. City & Cnty. of Honolulu*, 118 F.4th 1044, 1055 (9th Cir. 2024). An expert opinion is relevant if the expert's "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." *Endo Fitness LL, LLC v. F-19 Holdings, LLC*, No.: 2:22-cv-03124-MEMF-JC, 2023 WL 9319825, at *3 (C.D. Cal. Nov. 30, 2023). An expert opinion is reliable if (1) it is "based on sufficient facts or data"; (2) it is "the product of reliable principles and methods"; and (3) it "reflects a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702(b)–(d).

The "judge is a gatekeeper, not a fact finder," and the "gate [should] not be closed to [a] relevant opinion offered with sufficient foundation by one qualified to give it." *Primiano v. Cook*, 598 F.3d 558, 568 (9th Cir. 2010). The purpose of the gatekeeping role is to ensure that expert testimony is "properly grounded, well-reasoned and not speculative," but it is not meant to substitute for "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden and proof [which] are the traditional and appropriate means of attacking shaky but admissible evidence." Fed. R. Evid. 702, Adv. Comm. Notes (2000) (quotation omitted). Thus, "[a]fter an expert establishes admissibility to the judge's satisfaction, challenges that go to the weight of the evidence are within the province of a fact finder, not a trial court judge." *Pyramid Technologies, Inc. v. Hartford Cas. Ins. Co.*, 752 F.3d 807, 814 (9th Cir. 2014); *see City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1047 (9th Cir. 2014) ("*Daubert*, however, does not forbid admission of a report where the weight of the conclusions [is] subject to challenge.") (citation and internal quotation marks omitted).

"In determining whether expert testimony is admissible under Rule 702, the district court must keep in mind Rule 702's 'broad parameters of reliability, relevancy, and assistance to the trier of fact.'" *Sementilli v. Trinidad Corp.*, 155 F.3d 1130, 1134 (9th Cir. 1998). Rule 702 is "broad enough to allow an expert to rely on hypothetical facts that are supported by the evidence." Fed. R. Evid. 702, Adv. Comm. Notes (2000). Nevertheless, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . misleading the jury." Fed. R. Evid. 403.

### 2. Federal Rule of Civil Procedure 26

Federal Rule of Civil Procedure 26 sets deadlines for the disclosure of expert witnesses and rebuttal expert witnesses, which were modified by this Court in its Civil Trial Order. *See* Civil Trial Order at 3.[1]

> (2) *Disclosure of Expert Testimony*.
>  (A) *In General*. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.
> . . .
>  (D) *Time to Disclose Expert Testimony*. A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:
>    (i) at least 90 days before the date set for trial or for the case to be ready for trial; or
>    (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

Fed. R. Civ. P. 26(a)(2)(A), (D). What is commonly referred to as rebuttal expert testimony is described in Rule 26 as "evidence . . . intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)." *Id*. 26(a)(2)(D). The Advisory Committee Notes comment on these requirements as follows:

> Through the addition of paragraphs (1)-(4), this subdivision imposes on parties a duty to disclose, without awaiting formal discovery requests, certain basic information that is needed in most cases to prepare for trial or make an informed decision about settlement. The rule requires all parties (1) early in the case to exchange information regarding potential witnesses, documentary evidence,

---

[1] The Court's operative Civil Trial Order is available on the Court's website at https://www.cacd.uscourts.gov/honorable-maame-ewusi-mensah-frimpong.

> damages, and insurance, (2) at an appropriate time during the discovery period to identify expert witnesses and provide a detailed written statement of the testimony that may be offered at trial through specially retained experts, and (3) as the trial date approaches to identify the particular evidence that may be offered at trial.
>
> . . .
>
> A major purpose of the revision is to accelerate the exchange of basic information about the case and to eliminate the paperwork involved in requesting such information, and the rule should be applied in a manner to achieve those objectives.

Fed. R. Civ. P. 26, Adv. Comm. Notes (1993).

With respect to the specific requirements in subdivision (a)(2), the Advisory Committee Notes state:

> This paragraph imposes an additional duty to disclose information regarding expert testimony sufficiently in advance of trial that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses. Normally the court should prescribe a time for these disclosures in a scheduling order under Rule 16(b), and *in most cases the party with the burden of proof on an issue should disclose its expert testimony on that issue before other parties are required to make their disclosures with respect to that issue.* In the absence of such a direction, the disclosures are to be made by all parties at least 90 days before the trial date or the date by which the case is to be ready for trial, except that an additional 30 days is allowed (unless the court specifies another time) for *disclosure of expert testimony to be used solely to contradict or rebut the testimony that may be presented by another party's expert.*

*Id.* (emphasis added).

### III. Discussion

Defendants seek to exclude the opinions of ML Products's fake reviews expert, Hollenbeck. In particular, Defendants argue that (1) the report fails to comply with Fed. Civ. R. P. ("Rule") 26(a); (2) the report is based on unreliable facts and inadmissible hearsay rendering the reports improper under Fed. R. Evid. ("FRE") 703; (3) the report fails to apply reliable methods; and (4) the report attempts to introduce legal opinions. *See generally* Motion. The Court will evaluate these arguments in order.

#### 1. The Expert Report is Compliant with Rule 26(a).

Defendants argue that ML Products failed to disclose the facts and data—specifically, the Amazon information—considered by Hollenbeck in forming his opinion. Motion at 5–6; Reply at 1–

1  2. Defendants further argue that ML Products's failure to disclose warrants sanctions under Rule 37.
2  Motion at 6; Reply at 3.

3  In the Opposition, first, ML Products responds that Defendants did not meet and confer with
4  ML Products regarding the alleged failed disclosure. Opp'n at 3. Second, ML Products argues that
5  the documents, including the scholarly articles, literature, and Federal Trade Commission guidance,
6  were produced on April 30, 2025, at the informal discovery hearing held before Magistrate Judge
7  David T Bristow. *Id*.

8  Third, ML Products asserts that Defendants cannot show prejudice because they filed the
9  Motion before deposing Hollenbeck. *Id*. In the Reply, Defendants respond that the alleged failed
10  disclosure prevented them from conducting a meaningful deposition of Hollenbeck. Reply at 2.
11  Defendants further respond that there is no authority requiring Defendants to depose Hollenbeck
12  before seeking exclusion or that a deposition is needed to show prejudice. *Id*. at 3.

13  And finally, ML Products contends that Defendants cannot show that ML Products's alleged
14  failed disclosure impaired Defendants' ability to go to trial or "threatened to interfere with the
15  rightful decision of the case." Opp'n. at 4. In the Reply, Defendants respond that the alleged failed
16  disclosure severely prejudiced Defendants as they could not review the data underlying Hollenbeck's
17  analysis, test its reliability, or allow their rebuttal expert to respond. Reply at 2.

18  The Court does not find that ML Products failed to disclose the facts and data considered by
19  Hollenbeck in forming his opinion. Although Defendants are correct that the Hollenbeck Report
20  must lay out the factual bases for his opinions, *see* Rule 26(a)(2)(B)(ii) (an expert's written report
21  "must contain . . . the facts or data considered by the witness in forming them"), the Hollenbeck
22  Report provides the factual bases upon which he formed his opinions as he explores whether
23  BillionTree and its alleged affiliates engaged in product rating manipulation to increase its sales and
24  harm competitors like ML Products. For instance, Hollenbeck opines that 22 of the 29 products sold
25  by BillionTree and its alleged affiliates engaged in review hijacking; 9 of the products had reviews
26  where customers were offered gift cards to change negative reviews into positive ones; and
27  BillionTree and its alleged affiliates' conduct increased their products ratings and hurt the sales of its
28  competitors, including ML Products. Hollenbeck Report ¶¶ 9–11. In support of Hollenbeck's

findings, the Hollenbeck Report includes a table of the alleged affiliates detailing the Amazon Standard Identification Number[2] ("ASIN"), brand, and product name, *id*. ¶ 27; documents examples of the alleged affiliates bribing customers with gift cards to change their negative reviews into positive ones, *id*., Ex. B at 58–72; and cites various academic articles on the manipulation of Amazon ratings explaining that products with higher sales and reviews are ranked higher, and the manipulation of Amazon ratings increases a product's position in the Amazon search results, *id*. ¶ 94. Given that Hollenbeck was retained to "perform an analysis of the tactics related to online reviews used by certain competitors of ML Products, including BillionTree, Mountain Peak, and its [alleged] affiliates," and provided marketing research on online reviews and e-commerce fraud, Hollenbeck has not exceeded the scope of his expertise. *Id*. ¶ 7. *See Sementilli*, 155 F.3d at 1134 (finding the testimony of an expert admissible under Rule 702 for assisting the fact-finder on an issue that was "beyond the common experience of the average layman").

The Court is not convinced that ML Products's disclosure prevented Defendants from conducting a meaningful deposition of Hollenbeck, as Defendants have had until August 20, 2025, to submit a rebuttal report and until September 3, 2025, to complete discovery, which is more than sufficient time. ECF No. 99 ("Order Granting Motion to Modify Uniform Pretrial Scheduling Order") at 9.

The Court finds that sanctions under Rule 37 is not warranted, as ML Products did not fail to disclose Hollenbeck as an expert witness nor the facts and data supporting his opinions in the Hollenbeck Report. *See Liberty Ins. Corp. v. Brodeur*, 41 F.4th 1185, 1193 (9th Cir. 2022) (holding that sanctions under Rule 37(c)(1) were not justified because the party complied with Rule 26(a)(1)(A)(i)'s disclosure requirements).

Accordingly, the Court DENIES the Motion based on Rule 26(a).

**2. The Expert Report is Not Improper under FRE 703.**

---

[2] Each product listed on Amazon is assigned a unique code known as the Amazon Standard Identification Number. Hollenbeck Report ¶ 13.

1    Defendants argue that the Hollenbeck Report should be excluded because it relies on
2    inadmissible hearsay and improperly attempts to establish the truth of its content. Motion at 6–9;
3    Reply at 4. Hollenbeck "was instructed by McCune Law Group to assume that the brands in question
4    are affiliated with BillionTree." Hollenbeck Report ¶ 26. Defendants argue that the Hollenbeck
5    Report rests on unfounded assumptions concerning alter ego relationships between the entities.
6    Motion at 8, 9. Defendants further argue that the reviews of the products are irrelevant,
7    unauthenticated, unidentified, unreliable, and inappropriately introduced to establish the truth of the
8    anonymous reviewers' hearsay statements about the products and alleged affiliates' conduct. *Id*. at 8.

9    In the Opposition, ML Products responds that Hollenbeck is permitted to rely on otherwise
10   inadmissible hearsay evidence, such as the reviews on products in the marketplace, as it is the kind
11   of evidence that experts in the field of marketing academia regularly consult. Opp'n at 4–5. ML
12   Products further argues that the Hollenbeck report is not being used to establish Defendants'
13   liability; rather, Hollenbeck uses his expertise to analyze the Amazon marketplace for the products
14   in questions. *Id.* at 5.

15   In the Reply, Defendants argue that ML Products failed to show that experts in Hollenbeck's
16   field would rely on online reviews as a valid foundation for liability opinions. Reply at 4. Further,
17   there is no evidence identifying the reviewers and determining whether the reviews relate to the
18   products at issue and whether Defendants sold those products. *Id*. at 5. Additionally, allowing
19   Hollenbeck to opine on Defendants' liability would "confuse the issues, mislead the jury, and cause
20   undue prejudice to Defendants." *Id*. And finally, the Hollenbeck Report does not analyze corporate
21   structure or inter-company relationships as necessary premise for his opinions on Defendants'
22   liability. *Id*. at 6.

23   The Court finds Hollenbeck may rely on hearsay as it is reasonably relied upon in the field of
24   marketing academia. Opp'n at 4–5; *see United States v. Cazares*, 788 F.3d 956, 977 (9th Cir. 2015)
25   ("Expert witnesses may rely on inadmissible hearsay in forming their opinions, so long as it is of a
26   type reasonably relied upon by experts in their field."). Typically, an academic expert in online
27   marketplaces will review comment entries on marketplaces to identify how the products function.
28   *See* Opp'n at 5. Further, Hollenbeck used the marketplace reviews and applied his expertise to form

an independent judgment that BillionTree and its alleged affiliates were engaging in review hijacking, bribing customers to turn negative reviews into positive ones, and manipulating Amazon ratings to boost its sales and diminish competitors' sales. *See United States v. Holguin*, 51 F.4th 841, 856 (9th Cir. 2022). Moreover, the probative value of Hollenbeck's opinion outweighs its prejudicial effect because it could help a juror to determine certain facts like whether review hijacking, bribing customers for better reviews, and manipulating ratings constitutes an unlawful, unfair, or fraudulent business act or practice. *See United States v. Vera*, 770 F.3d 1232, 1237 (9th Cir. 2014).

If Defendants are concerned that jurors will assume alter ego liability between BillionTree and the alleged affiliates based on the McCune Law Group's instruction to Hollenbeck to assume that the entities discussed are BillionTree's affiliates, they can seek a limiting instruction at trial to help jurors not confuse the issues. *See Cazares*, 788 F.3d at 978 ("We have recognized that to the extent that inadmissible evidence is reasonably relied upon by an expert, a limiting instruction typically is needed to limit the use of that evidence.").

Accordingly, the Court DENIES the Motion based on FRE 703.

### 3. The Expert Report Applies Reliable Methods.

Defendants argue that the Hollenbeck Report should be excluded because it lacks analytical rigor, relies on incomplete data, and fails to account for alternative explanations. Motion at 9–11. Defendants assert that, for example, the report does not account for other variables impacting a products' ranking on Amazon, *id*. at 10–11, and that the Hollenbeck Report does not provide evidence supporting its assertion that repurposed reviews misled consumers and caused harm, *id.* at 11.

In the Opposition, ML Products responds that Hollenbeck's assumption that Defendants are the source of the reviews is better left to cross-examination. Opp'n. at 6. Further, Defendants' attack on the Hollenbeck Report—mainly the alternative explanations—goes to the weight of the opinion, not its admissibility. *Id.* at 7.

In the Reply, Defendants assert that cross-examination is only appropriate for "shaky but admissible" evidence, not flawed expert opinions with undisclosed foundations. Reply at 7. Additionally, Defendants did not have enough time to depose Hollenbeck given the deadlines in the

Scheduling Order. *Id*. And finally, the methodological flaws in the Hollenbeck Report are "pervasive and incurable." *Id*.

The Court finds Hollenbeck's methodology reliable. In the Hollenbeck Report, he explains his methodology:

> "To analyze these products' review tactics, I downloaded reviews from the product page for each of these products between February 13 and March 21, 2024. Amazon restricts users' ability to download all reviews so in some cases I only download a subset of reviews. I also accessed the reviews by navigating to each product page between March 7 and April 10, 2024, where I captured additional data. In total, I analyzed 29 products in this initial wave of data collection. Next, in March 2025, I received data on a second set of products from McCune Law Group. Because this information came later, in some cases these products' pages on Amazon had already been removed. Nevertheless, using versions of these pages scraped by third-party sources, namely the Wayback Machine (https://web.archive.org/), I recovered the evidence."

Hollenbeck Report ¶¶ 26, 27. He further declares that he performed an analysis of the reviews and product pages downloaded by applying his skills and expertise from marketing academia. *Id*. ¶ 8.

In support of the argument that Hollenbeck's methodology is reliable, ML Products cite to *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs., and Prods. Liab. Litig.*, 978 F. Supp. 2d 1053, 1070 (C.D. Cal. 2013), and the Court finds that case instructive. There, the district court found that an attack on an expert's opinion for not consulting alternative explanations go to weight, not admissibility. Here, Hollenbeck reviewed product pages and analyzed 29 products. *See generally* Hollenbeck Report §§ IV, V. The Court finds that his understanding and expertise in the area coupled with the general accepted principle that alternative explanations involve weight, not admissibility—as illustrated in *In re Toyota Motor Corp.*—and are sufficient to assuage Defendants' concerns of unreliable methodology.

Accordingly, the Court DENIES the Motion based on FRE 702.

### 4. The Expert Report Attempts to Introduce Legal Opinions.

Defendants argue that the Hollenbeck Report repeatedly refers to Defendants' alleged conduct as illegal according to the Federal Trade Commission, which is an impermissible legal opinion. Motion at 12. In the Opposition, ML Products responds that the legal conclusions are permissible because they are about generalized conduct. Opp'n at 8. Alternatively, if the legal

conclusions are not permissible, the Court should issue a limiting order at trial barring Hollenbeck from testifying. *Id*. In the Reply, Defendants request that the Court exclude portions of the report that improperly offer legal conclusions on specific conduct. Reply at 8. Further, judicial economy and fairness favors excluding the legal opinions rather than waiting for limiting instructions at trial that could confuse the jury. *Id*. And finally, Hollenbeck is not an expert in FTC rules nor qualified to offer an opinion on whether conduct violates laws under FTC guidance. *Id*. at 9.

The Court finds that some of Hollenbeck's opinion in paragraphs 9, 10, 22, 24, 98, and 99 constitute improper expert opinion. In paragraph 9, Hollenbeck describes BillionTree and its alleged affiliates as partaking in review hijacking and opines that "[t]his type of review hijacking is considered illegal by the Federal Trade Commission . . . ." Hollenbeck Report ¶ 9. In paragraph 10, Hollenbeck describes BillionTree and its alleged affiliates as harassing reviewers and suppressing views and opines that such conduct is "considered illegal by the Federal Trade Commission." *Id*. ¶ 10. In paragraph 22, Hollenbeck opines that offering a discount or reimbursement for the product in exchange for a positive review is "considered unlawful by U.S. regulators such as the Federal Trade Commission." *Id*. ¶ 22. In paragraph 24, Hollenbeck opines that suppressing negative reviews by contacting and harassing the reviewers "is considered illegal by the FTC." *Id*. ¶ 24. In paragraph 98, Hollenbeck opines that BillionTree and its alleged affiliates engaged in hijacking, which "is considered illegal by the Federal Trade Commission." *Id*. ¶ 98. In paragraph 99, Hollenbeck opines that BillionTree and its alleged affiliates engaged in "harassment and paying for positive reviews [which] are considered illegal by the Federal Trade Commission . . . ." *Id*. ¶ 99. Interpreting whether conduct constitutes a violation of law regulated by the Federal Trade Commission falls squarely within the Court's province, as it involves conclusion of law. As such, Hollenbeck's legal opinions in the sentences cited above in paragraphs 9, 10, 22, 24, 98, and 99 are excluded.

Accordingly, the Court GRANTS the Motion as to the sentences containing legal opinions cited above in paragraphs 9, 10, 22, 24, 98, and 99 of the Hollenbeck Report, not the entire paragraphs.

### IV.   Conclusion

For the foregoing reasons, the Court hereby ORDERS as follows:

1. The Motion is DENIED for excluding the Hollenbeck Report based on Rule 26(a);
2. The Motion is DENIED for excluding the Hollenbeck Report based on FRE 703;
3. The Motion is DENIED for excluding the Hollenbeck Report based on FRE 702; and
4. The Motion is GRANTED as to the sentences containing legal opinions cited above in paragraphs 9, 10, 22, 24, 98, and 99 of the Hollenbeck Report.

IT IS SO ORDERED.

Dated: August 26, 2025

MAAME EWUSI-MENSAH FRIMPONG
United States District Judge