| | |
|---|---|
| 1 | Richard D. McCune (SBN 132124) |
| | rdm@mccunelawgroup.com |
| 2 | Valerie L. Savran (SBN 334190) |
| | vls@mccunelawgroup.com |
| 3 | Andy Van Ligten (SBN 348696) |
| | avl@mccunelawgroup.com |
| 4 | Brandon Aslanyan-Little (SBN 351254) |
| 5 | bk@mccunelawgroup.com |
| | **MCCUNE LAW GROUP, APC** |
| 6 | 3281 E. Guasti Road, Suite 100 |
| | Ontario, CA 91761 |
| 7 | Telephone: (909) 557-1250 |
| 8 | |
| | Dana R. Vogel (*Pro Hac Vice*) |
| 9 | drv@mccunelawgroup.com |
| | Connor P. Lemire (*Pro Hac Vice*) |
| 10 | cpl@mccunelawgroup.com |
| | **MCCUNE LAW GROUP, APC** |
| 11 | 2415 East Camelback Road, Suite 850 |
| | Phoenix, Arizona 85016 |
| 12 | Telephone: (909) 557-1250 |

*Attorneys for Plaintiff ML Products, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ML PRODUCTS INC., | Case No.: 2:23-cv-08626-MEMF-DTB |
| Plaintiff, | **PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW** |
| v. | |
| | Judge: Hon. Maame Ewusi-Mensah Frimpong |
| BILLIONTREE TECHONOLOGY USA, INC., MOUNTAIN PEAK, INC., and DOES 1 through 25 inclusive, | Final Pretrial Conference: January 14, 2026 |
| | Time: 10:00 AM |
| | Courtroom: 8B |
| Defendants. | |
| | Trial Date: February 2, 2026 |
| | Time: 8:30 AM |
| | Courtroom: 8B |

**TO THE CLERK OF THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

In accordance with Local Rule 16-4, Plaintiff ML Products Inc. submits as follows its Memorandum of Contentions of Fact and Law

## INTRODUCTION

For several years, ML Products, Inc. ("Plaintiff") has competed against Defendants Billiontree Technology (Billiontree) and Mountain Peak, Inc. (collectively "Defendants"), as well as other entities who sell toner and ink products online to consumers. One of the core markets for the sale of such products is on the online Amazon platform, which is powered by a search algorithm that analyzes and ranks products based on searches performed by consumers. Unfortunately, Defendants have used numerous false, deceptive, unfair, or otherwise unlawful tactics in order to inflate their standing in the Amazon search algorithm, at the expense of ML Products. Among these unfair tactics are commissioning fake product reviews, compensating customers who issue negative product reviews to change or remove those reviews, using ghost accounts to manufacture false impressions of interest in sales or products, and repurposing older product listings with new product offerings to capitalize on past review histories. This unfair competition misrepresents the underlying product, while improving Defendants' relative place in the search algorithms. At trial, ML Products intends to present evidence of Defendants' unfair acts, and show that those acts have harmed ML Products by costing it millions of dollars in potential sales.

## CLAIMS AND DEFENSES (L.R. 16-4.1)

**I.  CLAIM 1**

Defendants Violated The Lanham Act By Making False And Misleading Statements About Their Products

To prevail on a false advertising claim under Section 43(a) of the Lanham Act (15 U.S.C. 1125(a)), Plaintiff must prove each of the following elements:

(1) BillionTree and/or Mountain Peak made false statements of fact about its own or ML Products' merchandise;

-1-
PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

      (2) The false statements of fact either actually deceived, or have the tendency to deceive, a substantial segment of its audience;

      (3) The false statements of fact were material, in that they were likely to influence the purchasing decision;

      (4) BillionTree and/or Mountain Peak caused its false statements of facts to enter interstate commerce; and

      (5) ML Products has been or is likely to be injured as the result of the foregoing.

9TH CIR. CIV. JURY INSTR. § 15.4 (2007); Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1180 (9th Cir. 2003); *Grasshopper House, LLC v. Clean and Sober Media, LLC*, 2108 WL 6118440, at *5 (C.D.Cal. July 18, 2018).

      a. **Evidence Supporting Claim 1**

      A false statement—a statement is false if "the statement was literally false, either on its face or by necessary implication, or [it] was literally true but likely to mislead or confuse consumers." *Enigma Software Grp. USA, LLC v. Malwarebytes, Inc.,* 69 F.4th 665, 671 (9th Cir. 2023). For purposes of showing falsity, courts hold that Lanham Act claims can be based on schemes to manipulate or otherwise misrepresent Amazon reviews. *See Interlink Prods. Int'l v. F & W Trading LLC*, 2016 WL 1260713, at *2, 9 (D.N.J. Mar. 31, 2016); *see also Beyond Blond Prods., LLC v. Heldman*, 2022 WL 2036306, at *4 (C.D.Cal. Mar. 3, 2022); *Vitamins Online v. HeartWise, Inc.*, 2020 WL 6581050, *1 (D.Utah Nov. 10, 2020).

      Here, Plaintiffs have identified multiple examples of what is called "review hijacking," where foreign reviews are linked to a separate product, creating the false impression that the positive review applies to the product. Moreover, Defendants manipulate online Amazon reviews by sharing reviews for unrelated products. Review manipulation misleads consumers into believing a product has more positive reviews, or is more favorable to consumers, based on its search ranking. By engaging in these acts, Defendants were able to increase the Amazon rankings for their products, while forcing competitors such as Plaintiff down the list. Because Plaintiff is a competitor of Defendants, their manipulations decrease the visibility of Plaintiff's products, causing Plaintiff to lose sales to Defendants.

Where statements are actually false, actual deception and materiality are presumed. *See Factory Direct Wholesale, LLC v. iTouchless Housewares & Prods., Inc.,* 411 F.Supp.3d 905, 924 (N.D.Cal. 2019). Here, Plaintiff has demonstrated that Defendants' statements pertaining to their ink and toner constitute false statements, including, *inter alia,* their practices of review hijacking, suppressing negative reviews, and offering payment or reimbursement for positive reviews. Plaintiff has also retained an expert, Brett Hollenbeck, who explains manipulation on Amazon and how reasonable consumers are likely to be deceived by Defendants' actions. Additionally, to satisfy materiality, only the deception needs to be material, not the whole advertisement. *See In re Century 21-RE/MAX Real Est. Advert. Claims Litig.*, 882 F.Supp. 915, 924 (C.D.Cal. 1994). Plaintiff can show through Mr. Hollenbeck's testimony that Defendants' false reviews inflated their rankings in a manner material to consumers' purchasing decisions. He will explain the direct correlation between positive reviews and increased sales, and why false positives unfairly distort the Amazon algorithm.

Whether statements have been made in the course of interstate commerce is liberally construed. *See Steele v. Bulova Watch Co*., 344 U.S. 280, 283 (1952). Here, the evidence will show that Plaintiffs made their false statements on Amazon, the "world's largest online retailer," a sufficient showing of interstate commerce.

Finally, Plaintiff will show it has been harmed by Defendants' practices. Plaintiff will show that it directly competed with Defendants for the sale of ink and toner cartridges on Amazon. When Defendants manipulate their product ratings and reviews, Defendants' products move up the rankings, and Plaintiff's products move down. This has had a direct effect on Plaintiff's sales. Without Defendants' manipulation tactics, many of the customers who purchased Defendants' products would have selected ML Products' goods instead. Plaintiff has retained a damages expert, Brandon J. Engel, who has quantified Plaintiff's monetary damages as a result of Defendants' alleged wrongful conduct based on Plaintiff's theories. He will testify as to Plaintiff's harm, including lost profits and lost business value, as a direct and proximate result of Defendants' acts.

\\

\\

\\

## II. CLAIM 2

Defendants Violated California's Unfair Competition Law (Section 17200)

To hold Defendants liable for violating California's Unfair Competition Law, Plaintiff must prove each of the following elements:

(1) ML Products suffered injury in fact and lost money or property as a result of BillionTree and/or Mountain Peak's unlawful and/or fraudulent conduct.

    a. ML Products has suffered injury in fact under the UCL if it has: expended money due to BillionTree and/or Mountain Peak's unlawful acts, lost money or property, or been denied money to which it has a cognizable claim.

(2) BillionTree and/or Mountain Peak engaged in unlawful, unfair, and/or fraudulent business practices and;

    a. "Unfair" means a business act or practice that violates any other law, or violates established public policy or is immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its benefits.

    b. "Unlawful" means a business act or practice that violates any other law.

    c. "Fraudulent" means a business act or practice that is false members or that deceives reasonable members of the public.

*See* CAL. BUS. & PROF. CODE § 17200, *et seq.* (West 2009); *Lopez v. Stages of Beauty, LLC*, 307 F.Supp.3d 1058, 1070 (S.D. Cal. 2018); *In re Yahoo! Inc. Customer Data Security Breach Lit.*, 313 F. Supp. 3d 1113, 1129 (N.D. Cal. 2018) (quoting *Kwikset Corp. v. Sup. Ct.*, 246 P.3d 877, 887 (Cal. 2011)); *Marilao v. McDonald's Corp.*, 632 F. Supp. 2d 1008, 1012 (S.D. Cal. 2009) (quoting *Hall v. Time Inc.*, 70 Cal. Rptr. 3d 466 (2008)); *Zhang v. Sup. Ct.*, 304 P.3d 163, 167-68 (Cal. 2013) (discussing § 17200 and relief available); *Cel-Tech Comms., Inc. v. Los Angeles Cellular Tel. Co.*, 973 P.2d 527, 539-42 (Cal. 1999). *Kasky v. Nike*, 27 Cal.4th 939, 950 (2002); *Saunders v. Superior Court*, 27 Cal.App.4th 832, 838–39 (1994). *Belton v. Comcast Cable Holdings, LLC* (2007) 151 Cal.App.4th 1224, 1241 (2007) (quoting *South Bay Chevrolet v. General Motors Acceptance Corp.,* 72 Cal.App.4th 861, 878 (1999).)

    a. **<u>Evidence Supporting Claim 2</u>**

Plaintiff can demonstrate UCL standing by showing that it lost money or property as a result of the alleged unfair competition. Plaintiff will testify regarding the lost sales experienced as a result of

Defendants' conduct. *See Luxul Technology Inc. v. Nectarlux*, LLC, 78 F.Supp.3d 1156, 1174 (N.D.Cal. 2015) (alleging "economic injury in the form of lost customers and sales revenue" is "sufficient to satisfy standing under the UCL"); *Law Office of Matthew Higbee v. Expungement Assistance Servs.*, 214 Cal.App.4th 544, 557-58 (2013).

Section 17200 "borrows violations from other laws by making them independently actionable as unfair competitive practices." *Feitelberg v. Credit Suisse First Boston, LLC*, 134 Cal.App.4th 997, 1009 (2005). Thus, the same evidence supporting the Lanham Act claim also supports Plaintiff's UCL claim. *See Aleksick v. 7–Eleven, Inc.*, 205 Cal.App.4th 1176, 1185 (2012).

### III. CLAIM 3

Defendants Violated The False Advertising Law (Section 17500)

The FAL makes unlawful "untrue or misleading" advertising. Cal. Bus. & Prof. Code § 17500; *LeGrand v. Abbott Labs.*, 655 F.Supp.3d 871, 885 (N.D.Cal. 2023). "Similar to the UCL claims, FAL claims are substantially congruent to claims under the Lanham Act, so they are construed together." *Kurin, Inc. v. ICU Med., Inc.*, No. 8:24-CV-00564-FWS-ADS, 2024 WL 5416672, at *14 (C.D.Cal. Nov. 8, 2024). Accordingly, since Plaintiff has raised triable issues of material fact under the Lanham Act, summary judgment should also be denied as to Plaintiff's FAL claim. *Id.* (stating that because "the court finds Plaintiff has sufficiently alleged a false advertising claim under the Lanham Act…the court denies Defendants' motion to dismiss Plaintiff's FAL claim").

To hold Defendants liable for violating California's False Advertising Law, Plaintiff must prove each of the following elements:

1) BillionTree and/or Mountain Peak disseminated statements or advertisements that were untrue or misleading;
2) BillionTree and/or Mountain Peak knew, or in the exercise of reasonably care should have known, the statements or advertisements were untrue or misleading; and
3) ML Products suffered injury in fact and lost money or property as a result of BillionTree and/or Mountain Peak's untrue or misleading statements or advertisements.

*See* CAL. BUS. & PROF. CODE § 17500, *et seq.*; *Moss v. Infinity Ins., Co.*, 197 F.Supp.3d 1191, 1199 (N.D. Cal. 2016); *Buckland v. Threshold Enterprises, Ltd.*, 155 Cal. App. 4th 798, 819 (2007).

### a. Evidence Supporting Claim 3

Because "FAL claims are substantially congruent to claims under the Lanham Act," the evidence will demonstrate that Defendants violated the FAL. *See Kurin*, 2024 WL 5416672, at *14.

## IV. CLAIM 4

Civil Conspiracy: Defendants Are Vicariously Liable For The Wrongful Acts Of Their Agents

To be held vicariously liable under the Lanham Act for the acts of a separate party, there must exist "an apparent or actual partnership, [or] authority to bind one another in transactions with third parties or exercise joint ownership or control over the infringing product." *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, No. C 04-0371 (N.D.Cal. Aug. 5, 2004). To show that third parties acted as agents (or were otherwise controlled by Defendants), Plaintiff must demonstrate the elements of an agency relationship as follows:

(1) A manifestation by the principal that the agent shall act for him;

(2) The agent has accepted the undertaking;

(3) There is an understanding between the parties that the principal is to be in control of the undertaking.

*Doe v. Nestle, S.A.*, 748 F.Supp.2d 1057, 1113 (C.D.Cal. 2010); *Sun Microsystems, Inc. v. Hynix Semiconductor, Inc.*, 622 F.Supp.2d 890, 899 (N.D.Cal. 2009).

### a. Evidence Supporting Claim 4

Plaintiff will utilize various findings of fact in the Court's Ruling Denying Summary Judgment (Dkt. 152 pp. 4-5). Defendant Billiontree was formed in 2013 by an individual named Jian Zhou, and dissolved in 2020. Billiontree sold ink and toner cartridges on Amazon. Defendant Mountain Peak was formed in 2017 by an individual named Ding Yan and exists today. Mountain Peak also sells ink and toner cartridges on Amazon.

Mountain Peak's founder, Yan, is now President of an entity called Sailing Technology. Sailing Technology is overseas but does business with Mountain Peak. Sailing Technology utilizes the same City of Industry address as Mountain Peak, which Sailing Technology calls its "overseas warehouse."

On its website, Sailing states that "through third party sales platforms such as Amazon, the company has entered the top three consumables e-commerce markets in the United States." Regardless of any other formal positions, Yan remains the direct manager of Chen, Mountain Peak's purported CEO. Yan receives regular updates from Chen and is directly involved in Mountain Peak's operations.

Mountain Peak is undercapitalized. On at least one occasion, while Zhou was CEO of Mountain Peak, Yan directed Zhou to deposit money on her behalf into the Mountain Peak bank account.

Billiontree and Mountain Peak have shared employees, including Zhou, who served as CEO of Billiontree and Mountain Peak simultaneously. Billiontree was also registered to a Harrison Avenue address located in City of Industry that was the same as Mountain Peak used for its operations. At times, Mountain Peak leadership has asked employees to open Amazon seller accounts.

Mountain Peak sold ink and toner on Amazon using the brand name OfficeHelper. Mountain Peak was suspended from selling OfficeHelper in 2018, in part because its products were inauthentic or infringing. Similarly, BillionTree created and operated the ink and toner brand Toner Kingdom, which was also sold on Amazon. The related Toner Kingdom trademark was later transferred to Zhou. Toner Kingdom has also been identified on Amazon as a brand that has engaged in algorithm manipulation through false listings and reviews.

Defendants sell their products using various brand names, either through shell entities or by directing individuals to open Amazon seller accounts in their own names. Several of these accounts tie back to Defendants, including using the same City of Industry address as Defendants' "warehouse." At least four Amazon seller accounts have been opened using the same Harrison Avenue, City of Industry address used by Mountain Peak and Billiontree to sell at least the following different brands—Yukaka Shop, Ace-Tech, BR-Toner, 7 Magic Print, Rituai Business, and Greensky. Several additional ink and toner brands—Starover, HaloFox, OnlyU, CMYBabee, 7Magic, ColorKing, and others—share a customer service number with Toner Kingdom, the brand created by Billiontree. (JSUF No. 48). Also, Yan —the sole investor in Mountain Peak—has controlled, at various times, numerous brands sold on Amazon, including ONLYU, 7magic, COLORKING, Officehelper, and Mooho. Products sold on

Amazon under these brand names reflect activities that constitute manipulation of the Amazon search algorithm, including false reviews, linking to false products, and other misleading tactics.

As opposed to existing merely as a brand, Quimat Inc. ("Quimat") is an entity sharing the same City of Industry address as Billiontree. Quimat was founded by Yintao "Sunny" Chen, Mountain Peak's current CEO. Through Quimat, Defendants have registered the trademark "Hotoink" which lists Chen as Hotoink's CEO and Zhou as Hotoink's Secretary. Union Vision is also a company sharing the same City of Industry address and former employee of Mountain Peak, Yuechang Luo, now works in the same address, in the same warehouse, in the same position, at the company Union Vision.

## AFFIRMATIVE DEFENSES

[To be disclosed by Defendants]

## ANTICIPATED EVIDENTIARY ISSUES

Plaintiff does anticipate various objections to proposed exhibits. Further, Plaintiff filed the following *motions in limine* and anticipates that Defendants will oppose each motion.

1) *Motion in Limine* No. 1 to exclude the report of Defendants' rebuttal expert, Keith Hock
2) *Motion in Limine* No. 2 to exclude testimony related to spoliated evidence
3) *Motion in Limine* No. 3 to exclude the testimony, opinions, and exhibits of Defendants' expert Chris Silver Smith
4) *Motion in Limine* No. 4 to not exclude certain evidence relevant to an alter ego finding in a second-phase jury trial

## BIFURCATION OF ISSUES (L.R. 16-4.3)

Plaintiff does not seek to bifurcate any issues at trial. For the reasons discussed in Plaintiff's previous filing (see Dkt. No. 157), Plaintiff's position is that the trial should proceed on one track even if the Court makes the final decision on alter ego liability.

## JURY TRIAL (L.R. 16-4.4)

All parties to this case have requested a jury trial. To the extent that any issue in the case must be decided based on the facts, the jury must decide the facts.

\\

\\

**ATTORNEYS' FEES (L.R. 16-4.5)**

Plaintiff seeks attorneys' fees under the Lanham Act, pursuant to 15 U.S.C 1117(a), as this is an "exceptional" case where the defendant's behavior has been "malicious, fraudulent, deliberate, or willful." *Feiya Cosmetics, LLC v. Beyond Beauty International, LLC*, No. C-10-00967 JCS, 2011 WL 4506182, at *14 (N.D.Cal. Aug. 29, 2011); *see also Playboy Enters., Inc. v. Baccarat Clothing Co.*, 692 F.2d 1272, 1276 (9th Cir. 1982).

**ABANDONMENT OF ISSUES (L.R. 16-4.6)**

Plaintiff is not abandoning any of its claims.

Dated: December 17, 2025                                 Respectfully Submitted,

*/s/ Dana R. Vogel*
Dana R. Vogel (*Pro Hac Vice*)
drv@mccunelawgroup.com
**MCCUNE LAW GROUP, APC**
2415 East Camelback Road, Suite 850
Phoenix, Arizona 85016
Telephone: (909) 557-1250

*Attorney for Plaintiff*